JUDGE WOODS

26 CV 02587

RECEIVED
SDNY PRO SE OFFICE

2026 MAR 30    PM 3: 06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Natasha Bartley

_____

Write the full name of each plaintiff.

-against-

The New York City Department of Transportation, Margaret
Forgione (First Deputy Commissioner),

Paul Ochoa (Executive Deputy Commissioner), Ryan Lynch (Chief
of Staff),

Eric Beaton (Deputy Commissioner), and Karin Sommer (Executive
Director)

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes    ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Natasha                                          Bartley
First Name              Middle Initial          Last Name

211 W 29th Street, Apt 20A
Street Address

New York                        NY              10001
County, City                    State           Zip Code

646-630-1132                    bn62936@gmail.com
Telephone Number                Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    Margaret Forgione (First Deputy Commissioner),
                Name
                55 Water Street, 9th Floor
                Address where defendant may be served
                New York            NY              10041
                County, City        State           Zip Code

Defendant 2:    Paul Ochoa (Executive Deputy Commissioner),
                Name
                55 water Street, 9th Fl
                Address where defendant may be served
                New York            NY              10041
                County, City        State           Zip Code

Defendant 3:

Ryan Lynch (Chief of Staff),

Name

55 Water Street, 9th fl

Address where defendant may be served

| New York | NY | 10041 |
|----------|-------|----------|
| County, City | . State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Department of Transportation

Name

55 Water Street, 6th Fl

Address

| New York | NY | 10041 |
|----------|-------|----------|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒   race:    African American

☒   color:    Black

☐   religion:    _____

☒   sex:    Female

☐   national origin:    _____

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Natasha                                        Bartley
---
First Name                  Middle Initial        Last Name

211 W 29th Street, Apt 20A
---
Street Address

New York                                   NY               10001
---
County, City                              State            Zip Code

646-630-1132                              bn62936@gmail.com
---
Telephone Number                         Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1.    Eric Beaton (Deputy Commissioner)
---
Name
55 Water Street, 6th Floor
---
Address where defendant may be served

New York                    NY               10041
---
County, City                State            Zip Code

Defendant 2.    Karin Sommer
---
Name
55 water Street, 6th Fl
---
Address where defendant may be served

New York                    NY               10041
---
County, City                State            Zip Code

Page 2

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is:  **African American**

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year:  **1976**

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is:

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is:

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):
**Hostile Work Environment**

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

    ☒   did not hire me

    ☐   terminated my employment

    ☒   did not promote me

    ☐   did not accommodate my disability

    ☒   provided me with terms and conditions of employment different from those of similar employees

    ☒   retaliated against me

    ☒   harassed me or created a hostile work environment

    ☐   other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See atatched Pages 1 through 6

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒ Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?   Nov 29, 2024

    ☐ No

Have you received a Notice of Right to Sue from the EEOC?

    ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?   January 15th, 2026

        When did you receive the Notice?   January 15th, 2026

    ☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐ direct the defendant to hire me

    ☐ direct the defendant to re-employ me

    ☒ direct the defendant to promote me

    ☐ direct the defendant to reasonably accommodate my religion

    ☐ direct the defendant to reasonably accommodate my disability

    ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
See attached, page 6, #22

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 3/30/2026 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Natasha | | Bartley |
| First Name | Middle Initial | Last Name |
| 211 W 29th Street, 20A | | |
| Street Address | | |
| New York | NY | 10001 |
| County, City | State | Zip Code |
| 646-630-1132 | | bn62936@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 1

Plaintiff, Natasha Bartley

Vs.

Defendants, **New York City, the New York City Department of Transportation, Margaret Forgione (First Deputy Commissioner), Paul Ochoa (Executive Deputy Commissioner), Ryan Lynch (Chief of Staff), Eric Beaton (Deputy Commissioner),** and **Karin Sommer (Executive Director)**

Statement of Claim

Plaintiff is a Black woman employed by the New York City Department of Transportation as Director of Administration. Defendants, including the City of New York, the New York City Department of Transportation, and the named DOT and mayoral officials, have engaged in unlawful discrimination, retaliation, and a hostile work environment in violation of Title VII, the New York State Human Rights Law, and the New York City Human Rights Law.

Plaintiff has repeatedly been denied promotions, leadership titles, salary parity, and advancement opportunities afforded to similarly situated white employees. These denials include, among others, the Chief of Staff title, Executive Director titles, Director of Special Projects, Director of Operations, Executive Director of Outdoor Dining/Open Restaurants, and Executive Director of Finance, despite Plaintiff's qualifications and experience.

Plaintiff has also been subjected to exclusion from meetings, negative statements about her to staff, disparate treatment in promotion and compensation, and retaliation after raising concerns internally and to mayoral staff. Defendants' conduct created and maintained a hostile work environment and undermined Plaintiff's authority, reputation, and career advancement.

As a result of Defendants' actions, Plaintiff has suffered emotional distress, humiliation, financial loss, and damage to her career. Plaintiff seeks compensatory and punitive damages in the amount of $5,000,000, equitable relief including restoration to an appropriate leadership title, salary correction, back pay, front pay, and any other relief the Court deems just and proper.

Plaintiff also seeks recovery of reasonable attorney fees, legal costs, and any other litigation expenses incurred, to be paid by NYC DOT and/or the City of New York as permitted by law.

**Page 2**

## PLAINTIFF'S COMPLAINT — FACTUAL ALLEGATIONS

1. Plaintiff, **Natasha Bartley**, is a Black woman employed by the **New York City Department of Transportation (DOT)** as **Director of Administration**. She has worked for DOT for over a decade and has extensive experience in supervision, procurement, **diversity and inclusion**, organizational **leadership**, contract management, and budget management.

2. Defendants **New York City, the New York City Department of Transportation, Margaret Forgione (First Deputy Commissioner), Paul Ochoa (Executive Deputy Commissioner), Ryan Lynch (Chief of Staff), Eric Beaton (Deputy Commissioner),** and **Karin Sommer (Executive Director)**, in their official capacities, have engaged in **systematic race- and sex-based discrimination, retaliation**, and a **hostile work environment** against Plaintiff, in violation of **Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**, the **New York State Human Rights Law (NYSHRL)**, and the **New York City Human Rights Law (NYCHRL)**.

3. Throughout her tenure, Plaintiff has been **denied promotions, leadership titles, and equitable compensation** afforded to her white counterparts, including: repeated **denial of the Chief of Staff title, denial of the Executive Director of People and Administration title**, and **denial of the Director of Operations, Executive Director of Outdoor Dining / Open Restaurants**, and **Executive Director Finance** positions, despite being **qualified and often more qualified** than the persons selected.

4. Plaintiff requested to backfill the **Chief of Staff** role vacated by **S. S.**, a white woman. She was told the Commissioner **"no longer wanted us to use that title,"** yet shortly thereafter **Vicki**, a white woman, was hired in the title of **Chief of Staff**. Two more white women were hired in roles of **Deputy Chief** and **Director of Administration**. The **Director of Administration** title was given to a white woman without consultation or conflict analysis, while she, the **Plaintiff**, was excluded from such opportunities. As of **March 2026**, there are **three white males** in the **Transportation Planning & Management Division** who hold the title of **"Chief."**
   **Page 3**

*Page 3*

5. Plaintiff attempted to formalize a title that reflected her responsibilities—**Executive Director of People and Administration**—but was told **Karin Sommer**, a white woman holding an Executive Director title, refused to "share" the designation, as it would diminish her title if Plaintiff held the same title. The Plaintiff later learned that a **white male** held the **Executive Director, Traffic Control & Engineering** title, proving that **multiple Executive Director titles exist in TPM.** Rather than grant her the title, management **revoked the title from the white male** instead of recognizing Plaintiff and **promoted him to "Chief."**

6. Within her unit, Plaintiff is the **only Black Director** in her sub-unit and is paid **significantly less** than her white peers, despite having equal or greater responsibilities. **Margaret Forgione** has **refused to adjust her salary** or provide pay parity with similarly situated white directors.

7. On **October 12, 2023**, Plaintiff emailed **DC Eric Beaton** and **CC'd** her boss **ADC S. Quinn** to report **continued hostility** within the unit. A hostile employee, who had never been corrected, was **promoted** and then asked to **remove Plaintiff from a volunteer position** on a **Christmas party.** Plaintiff was also **excluded from a women's group meeting,** via email to the majority of **women in TPM,** by **Karin Sommer.**

8. On **September 12, 2023**, the **Director of Special Projects** position (reference number **601650**) was posted. Plaintiff applied promptly, meeting and exceeding the qualifications. She waited **months** and received **no response or interview**, while **Lauren Antonelli,** a white woman, was selected without a transparent process.

9. In **January 2024**, Plaintiff encountered **FDC Margaret Forgione** in a coffee shop. Forgione told her **"the position is for someone,"** indicating that the **hiring decision had already been made.** On **February 5, 2024**, Antonelli **publicly announced** that she had been appointed **Director of Special Projects.** Plaintiff later learned Antonelli had previously been appointed **Director of Administration** without a formal posting—a **requirement Plaintiff was told applied to her but not to Antonelli.**

**Page 4**

10. On **February 7, 2024**, Plaintiff contacted **FDC Forgione** about the **Director of Administration** position vacated by Antonelli. She was told it was **"no longer needed"** and would not be backfilled. She also explained that her current responsibilities resembled those of a **clerical associate rather than a director** and requested consideration for a role reflecting her talents. Forgione never responded.

11. Plaintiff took the **Administrative Manager promotional exam** and ranked #6 on the list. **Lauren Antonelli**, who ranked **lower**, was appointed first, while Plaintiff had to wait an **entire year** for her appointment. When Plaintiff raised this with **Helene Holloway**, she was told **nothing could be done**; her request for **pay and title parity** with white counterparts was **ignored**.

12. Plaintiff's last raise occurred on **July 11, 2023**, and was attributable only to **union collective bargaining**, not to any individual merit-based decision. When she requested **equity with her white colleagues**, she was told she must wait a year, while **white men and women at DOT receive raises once a year and sometimes within six months**.

13. Plaintiff applied for the **Assistant Commissioner for Transit Development** and **Assistant Commissioner of Traffic Technology and Innovation**, both of which required experience with underserved communities and IT-related expertise. As a Black woman from the **South Bronx**, with six years of IT experience and a record in diversity and inclusion, she was **qualified**. Nonetheless, she was **not interviewed**, the **Assistant Commissioner of Traffic Technology and Innovation**, position was given to a man with less than a year at NYC DOT.

14. Plaintiff applied for the **Director of Operations** role, formerly held by a **white man** in the title **Administrative Manager. FDC Margaret Forgione** posted the role under **two titles: Administrative Manager** (predominantly held by **Black women**) and **Administrative City Planner** (predominantly held by **white men and women**). The **Administrative Manager** posting required candidates to be **"serving permanently in the Administrative Manager title or be reachable on the civil service list,"** while the **Administrative City Planner** posting did not include that requirement. Plaintiff was interviewed by **two white women and one**

**white man but** was told she lacked **"more internal DOT experience"** and was not selected.

**Page 5**

15. On **October 17, 2024**, Plaintiff interviewed for **Executive Director of Outdoor Dining / Open Restaurants** (reference number **554096**) at **10:00 AM via Teams.** The panel was diverse, but **no member shared her demographic background.** She answered questions thoroughly, including her **reporting relationship, policy analysis, administrative leadership**, and **years of supervisory experience.** On **November 15, 2024**, she emailed **Associate Deputy Commissioner Craven** to express interest and request next steps, but received **no response.**

16. On **December 4, 2024**, Plaintiff learned via an internal email that **Lauren Antonelli** had been named **Interim Executive Director of Open Restaurants**, despite having served as **Director of Special Projects for only eight months.** Plaintiff was not given **any feedback** about her interview or explanation for the decision.

17. On **December 17, 2025**, white women, **H. M.,** sent out notices for a **graduate mentorship program.** Plaintiff had **volunteered her time** and helped with mentoring, but **everyone else was invited to the ceremony except her.**

18. On **February 4, 2026**, Plaintiff learned that **Peter Scavetta**, a white male **Director of Labor Relations,** made **statements to TPM/OLS staff** that **denigrated her** and warned staff to **avoid working with her** and to work exclusively with **Erma Smith, Director of Personnel/TPM.** These comments were **focused on her as a Black woman in a leadership role** and had the effect of **undermining her authority, damaging her reputation**, and **fostering a hostile work environment.**

19. On **September 6, 2025**, after being **denied a meeting** with **Commissioner Rodriguez**, Plaintiff emailed **DeShanna Alexander, Chief Human Resources & Deputy Chief Administrative Officer, NYC Mayor's Office**, requesting intervention. **Chief of Staff Ryan Lynch** told her, **"City Hall doesn't tell us what to do, but you can talk to me."** Plaintiff met with **R. Lynch** and showed him **evidence** via org charts, emails to EDI, and the **support of her direct boss supporting her**

advancement. Ryan Lynch stated, **"We have been trying to make TPM more diverse, but we just can't break through."** Plaintiff asked that it be brought to the **Commissioner's attention**. Since **August 19, 2025**, she has been **ignored**.

**Page 6**

20. Plaintiff has **witnesses—current and former DOT staff, colleagues, and others—who can corroborate** her **exclusion from meetings, denigrating comments**, the **unfair promotion** of white employees, and the **hostile and retaliatory environment**. She is prepared to **identify them for discovery, interviews, and testimony.**

21. Plaintiff's experiences are part of a **pattern of "continued discrimination"** consistent with recent findings by the **U.S. Attorney for the Southern District of New York** in a race-discrimination settlement against **New York City**, which found systemic race-based disparities in hiring and promotion and required monitoring and corrective measures.
    a. see: U.S. DOJ, "Acting Manhattan U.S. Attorney settles race discrimination lawsuit against New York City," SDNY.

22. As a result of Defendants' conduct, Plaintiff has suffered **financial loss, emotional distress, humiliation, anxiety, and damage to her career**. She seeks **compensatory and punitive damages** of **$5,000,000**, plus **equitable relief** including restoration to an **appropriate leadership title, salary correction, back pay, front pay, removal of adverse remarks** from her personnel file, and **mandatory training and monitoring** of promotions and pay equity for Black employees.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Boston Area Office**
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/15/2026

**To:** Natasha Bartley
211 W 29th Street Apt 20A
NEW YORK, NY 10001
Charge No: 520-2025-01339

EEOC Representative and email:     EMMET GREENE
INVESTIGATOR
EMMET.GREENE@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-01339.

On behalf of the Commission,

Digitally Signed By:Feng K. An
01/15/2026
Feng K. An
Area Office Director

**Cc:**
Heidi L Guzman
NYC Department of Transportation
55 Water St 9th FL
New York, NY 10041

Jenna Caldarella
55 Water Street Fl 9
New York, NY 10041

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-01339 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-01339 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.