USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                         :

NATASHA BARTLEY,                   :

                         :

             Plaintiff,     :            1:26-cv-2587-GHW

                         :

          -v-             :              ORDER

                         :

THE NEW YORK CITY DEPARTMENT OF   :
TRANSPORTATION, *et al.*,          :

                         :

          Defendants.   :

                         :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

By letter dated April 16, 2026, Ms. Bartley requested that the Court appoint pro bono counsel. Dkt. No. 6. That request is denied.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

Ms. Bartley's request is denied without prejudice. While the Court appreciates that Ms.

Bartley cannot afford the $10,000 retainer that one attorney quoted her, she is not indigent. Dkt. No. 6 at 2. This fact weighs against granting Ms. Bartley's request.

Moreover, the Court cannot determine at this point whether Ms. Bartley's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61–62. She raises a number of claims arising out of alleged violations of her civil rights. Dkt. No. 1. However, this case is in its earliest stages, and no defendant has appeared. Because the Court cannot at this time determine the likely merit of Ms. Bartley's claims, the Court is also unable to conclude that the other *Hodge* factors weigh in favor of granting Ms. Bartley's request for pro bono counsel. *See* 802 F.2d at 61–62.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 6.

SO ORDERED.

Dated: April 21, 2026
     New York, New York

_____
GREGORY H. WOODS
United States District Judge

2